UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRISTEN LISANTI,

    Plaintiff,

v.                                                                                                    Case No: 8:16-cv-2961-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

Plaintiff, Kristen Lisanti, seeks judicial review of the denial of her claim for supplemental security income, a period of disability, and disability insurance benefits. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## **BACKGROUND**

### A.    **Procedural Background**

Plaintiff filed applications for supplemental security income, a period of disability, and disability insurance benefits on July 29, 2013. (Tr. 204.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 102–09, 112–23.) Plaintiff then requested an administrative hearing. (Tr. 124.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 27–54.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 9–20.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals

Council denied. (Tr. 1–5.) Plaintiff then timely filed a Complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

B.     **Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1974, claimed disability beginning on July 25, 2013. (Tr. 204.) Plaintiff has a high school education. (Tr. 30.) Plaintiff's past relevant work experience included work as a school custodian, retail supervisor, hospital transporter, appointment clerk, and child care attendant. (Tr. 49–50.) Plaintiff alleged disability due to liver disease, kidney disease, a weak immune system, anemia, and chronic itching. (Tr. 218.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since July 25, 2013, the alleged onset date. (Tr. 14.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: diabetes mellitus, stage III chronic kidney disease, and liver disease/biliary cirrhosis with chronic generalized pruritus. (Tr. 14.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work with the following limitations: standing and walking limited to two hour segments with a ten to fifteen minute break for a total of six to seven hours in an eight-hour workday; sitting for a total of six to seven hours in an eight-hour workday with a customary number of breaks; and, occasional exposure to direct and bright sunlight. (Tr. 15.) The ALJ further limited Plaintiff's RFC to avoiding extreme heat environments and extreme humidity and found that Plaintiff is unable to operate dangerous machinery. (*Id*.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence

established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully credible. (Tr. 16.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work as an appointment clerk. (Tr. 18.) Further, given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a ticket taker, cashier, and small products assembler. (Tr. 19.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 20.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following:

(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining

whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**ANALYSIS**

Plaintiff challenges the ALJ's decision on the following ground: the ALJ failed to properly evaluate Plaintiff's non-exertional symptoms using the pain standard applied by the Eleventh Circuit. (Dkt. 25 at 5.) Specifically, Plaintiff contends that the ALJ erred in concluding that Plaintiff would only be absent from work due to doctor's appointments and that the ALJ's finding is not supported by substantial evidence. (Dkt. 25 at 5, 8.) For the reasons that follow, this contention does not warrant reversal.

In addition to the objective evidence of record, the ALJ must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529(a). A three-part "pain standard" applies when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). A plaintiff must show: (1) objective medical evidence of an underlying medical condition and either (2) objective medical evidence that substantiates the severity of the pain from the condition or (3) that the objectively determined medical condition is of sufficient severity that it would reasonably be expected to produce the pain alleged. *Id.*; *Wilson*, 284 F.3d at 1225.

An ALJ's determination of the credibility of a claimant's testimony regarding subjective pain is entitled to deference and a reviewing court will not disturb a clearly-articulated credibility finding with substantial supporting evidence in the record. *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). Thus, if an ALJ discredits a claimant's testimony, the ALJ must articulate,

explicitly and adequately, reasons for not crediting the testimony. *Holt*, 921 F.2d at 1223–24. "Implicit in this rule is the requirement that such articulation of reasons . . . be supported by substantial evidence." *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987); *Dyer v. Barnhart*, 395 F.3d 1206, 1212 (11th Cir. 2005) (finding the ALJ's articulation of reasons for discrediting a claimant's testimony supported by substantial evidence because the ALJ considered the claimant's daily activities, frequency of symptoms, and types and dosages of medication). If an ALJ fails to adequately explain the reasons for discrediting a claimant's testimony, the testimony must be accepted as true as a matter of law. *Hale*, 831 F.2d at 1012.

When evaluating a claimant's subjective symptoms, the ALJ must consider factors such as the following: (1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms. 20 C.F.R. § 404.1529(c)(3). The credibility determination does not need to cite particular phrases or formulations. However, it cannot merely be a broad rejection that is not enough to enable the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole. *Dyer*, 395 F.3d at 1210.

As the reviewing Court, "[t]he question is not . . . whether the ALJ could have reasonably credited [claimant's pain] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r Soc. Sec.*, 421 F. App'x 935, 938–39 (11th Cir. 2011) (finding that substantial evidence supported the ALJ's decision to discredit claimant's pain testimony because the testimony was inconsistent with claimant's testimony regarding his daily activities and with the records from his treating and examining physicians, showing claimant was capable of doing light work); *Dyer*, 395 F.3d at 1212 (reversing the district court's reversal of the ALJ's decision because

"the district court improperly reweighed the evidence and failed to give substantial deference to the Commissioner's decision" to discredit claimant's pain testimony).

A review of the ALJ's decision reflects that the ALJ considered the Plaintiff's testimony and provided adequate reasons for finding Plaintiff not entirely credible. The ALJ thoroughly addressed Plaintiff's testimony regarding her absence from work. (Tr. 15–16.) Plaintiff testified that she could not maintain her job as a teacher's assistant because she was sick all the time due to her liver disease, suffering from fatigue, nausea, and itching. (Tr. 15, 30–31, 36.) Plaintiff explained that her itching keeps her awake at night and she is unable to work during the day because she is too tired to concentrate. (Tr. 16, 39.) Plaintiff stated that she takes medication for her liver disease. (Tr. 16, 36.) Plaintiff further claimed that her kidney disease and medications cause constant abdominal pain and bowel incontinence. (Tr. 43, 47–48.) She further testified that she was hospitalized for a week due to a bladder infection. (Tr. 15, 31.) As noted by the ALJ, Plaintiff treats her diabetes by checking her blood sugar levels and following a diabetic diet. (Tr. 16.) She treats with three different specialized doctors approximately once every three to six months and treats with her primary doctor approximately once every three months. (Tr. 16, 36–38, 42.) Plaintiff testified that on average, she has approximately one doctor's appointment per month. (Tr. 42.)

After describing Plaintiff's testimony in detail, the ALJ evaluated Plaintiff's subjective symptoms and gave specific reasons as to why he found them not fully credible. The ALJ stated that he did "not view as credible [Plaintiff's] allegation that she is not able to meet the attendance demands of work." (Tr. 16.) The ALJ noted that Plaintiff attributed her inability to work mainly due to an inability to maintain satisfactory work attendance. (*Id.*) The ALJ specifically acknowledged Plaintiff's testimony that she averaged approximately one doctor's appointment per

month. (*Id.*)  Upon consideration of Plaintiff's objective medical records, the ALJ found that Plaintiff did "indeed average about one doctor's visit per month." (*Id.*)  The ALJ reasoned that this "rate of doctors' visits per month would not account for the degree of absenteeism from work" that Plaintiff alleged in her testimony. (*Id.*)  In further evaluating Plaintiff's credibility, the ALJ analyzed her testimony regarding her ability to sit. (*Id.*)  Plaintiff testified that she can sit for no more than fifteen minutes at a time. (*Id.*)  The ALJ found Plaintiff's allegations not credible because he observed her sit "for approximately forty-five minutes at the hearing with no apparent signs of distress" and there was no evidence in the record to support her testimony. (*Id.*)

Contrary to Plaintiff's argument, the ALJ considered appropriate factors and adequately articulated his reasons for discrediting Plaintiff's testimony regarding the limiting effect of her symptoms.  The ALJ discussed the objective evidence of Plaintiff's treatment with her various doctors, concluding that averaging one doctor's visit per month would not account for her alleged absenteeism. (*Id.*)  Plaintiff's treatment and objective evidence are both appropriate considerations in evaluating Plaintiff's credibility.  20 C.F.R. § 404.1529(c)(2), (3).  Further, the ALJ's observation of Plaintiff's ability to sit during the forty-five minute hearing despite Plaintiff's testimony that she is unable to sit for more than fifteen minutes at a time supports the ALJ's conclusion as to Plaintiff's credibility.  *See Macia v. Bowen*, 829 F.2d 1009, 1011 (11th. Cir. 1987); 20 C.F.R. § 404.1529(c)(3)(vii).

Moreover, upon review of the evidence, substantial evidence supports the ALJ's adverse credibility determination.  On July 31, 2013, Plaintiff sought treatment at the Medical Center of Trinity and denied nausea and diarrhea. (Tr. 390.)  In June 2014, Plaintiff was seen by Dr. Robert Smith and denied fatigue, abdominal pain, nausea, diarrhea, pain, and weakness. (Tr. 634.)  Dr. Mark Gottlieb also reported that month that Plaintiff denied abdominal pain, nausea, and diarrhea.

(Tr. 583.) In July, August, and September of 2014, Plaintiff again denied fatigue, nausea, abdominal pain, diarrhea, and was alert and in no acute distress. (Tr. 439–40, 468–70, 605, 623–24, 630.) In October 2014, Dr. Gottlieb reported that Plaintiff was fatigued with loose stools and bowel urgency. (Tr. 560.) However, in December 2014, Plaintiff treated at the Diabetes Care Center and did not report either ailment. (Tr. 463.)

Plaintiff argues that her doctors' treatment notes support her allegations of pain. (Dkt. 25 at 6.) The thrust of Plaintiff's argument is that the evidence supports Plaintiff's complaints of pain and runs counter to the ALJ's determinations. (Dkt. 25 at 6–7.) However, the role of the reviewing court is not to reweigh the evidence, *Dyer*, 395 F.3d at 1212, but instead to determine whether the ALJ adequately articulated her credibility finding and whether the finding is supported by substantial evidence. *Foote*, 67 F.3d at 1562. The Court must defer to the ALJ's decision where, as here, it is supported by substantial evidence. *Werner*, 421 F. App'x at 938–39 (affirming the ALJ's decision to discredit claimant's pain testimony because it was supported by substantial evidence); *Dyer*, 395 F.3d at 1212 (reversing the district court's reversal of the ALJ because "the district court improperly reweighed the evidence and failed to give substantial deference to the Commissioner's decision" to discredit claimant's pain testimony). Accordingly, Plaintiff's final contention does not warrant reversal.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on January 16, 2018.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record